

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**D-1 PATRICK WIMBERLY,**

      **Defendant.**

_____/

**Case: 2:23-cr-20562**
**Assigned To : Parker, Linda V.**
**Referral Judge: Altman, Kimberly G.**
**Assign. Date : 10/3/2023**
**Description: INDI USA V. WIMBERLY (DJ)**

**Violation: 18 U.S.C. § 666**

## INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.    **PATRICK WIMBERLY** was the mayor of the City of Inkster, Michigan after being elected to a four-year term in 2019.

2.    Parcel 1 was real property in Inkster, Michigan that had a value of more than $5,000.

3.    Parcel 1 was owned by the City of Inkster and was available for sale to outside bidders. A bidder who wanted to purchase and develop Parcel 1 could submit a Request for Proposal (or RFP) related to the purchase and development of Parcel 1.

1

This RFP would then be reviewed by the Inkster city planner and planning commission and then, ultimately, approved or rejected by the Inkster City Council.

4.      The Inkster City Council was made up of seven members, including the mayor. Accordingly, while serving as mayor, **WIMBERLY** was authorized to vote on any RFP related to Parcel 1.

5.      The City of Inkster, Michigan received more than $10,000 in federal funds during each of the 2022 and 2023 calendar years.

## COUNT ONE
### 18 U.S.C. § 666(a)(1)(B)
### Bribery Concerning Programs Receiving Federal Funds

6.      The allegations in paragraphs 1 through 5 are incorporated into this count by reference.

7.      On or about August 27, 2022, **WIMBERLY** met with Person A. During this meeting. Person A asked if Parcel 1 was available for him to purchase. **WIMBERLY** said it was.

8.      On or about September 29, 2022, **WIMBERLY** and Person A met again to talk about Parcel 1. Prior to this meeting, WIMBERLY had demanded a $100,000 bribe payment to secure the purchase of and development on Parcel 1. At the meeting on September 29, Person A asked if he could initially make $5,000 monthly installment payments that would later increase to $10,000 per month until reaching the total amount demanded. **WIMBERLY** agreed but asked Person A to

2

"come in the front with something." Person A agreed and, later that evening, **WIMBERLY** accepted a $5,000 cash bribe payment.

9. Over the course of his discussions with Person A and his associates about Parcel 1, **WIMBERLY** repeatedly stated that he could control the vote of the Inkster City Council for the sale and use of Parcel 1.

10. In fact, on or about November 18, 2022 and after Person A again inquired about purchasing Parcel 1, **WIMBERLY** explained that Person A would get the property—that "there ain't nothing to talk about."

11. On or about November 18, 2022, **WIMBERLY** accepted a $5,000 cash bribe payment from Person A.

12. On or about December 5, 2022, **WIMBERLY** accepted an additional $5,000 cash bribe payment from Person A.

13. On or about December 15, 2022, **WIMBERLY** called Person A and asked him to make the January bribe payment early. **WIMBERLY** said he thought Person A was going to increase the bribe payments from $5,000 to $10,000 starting with the January payment. Person A agreed to make the January payment early but said it would not be until February 2023 that the monthly payments would increase to $10,000 per month.

14. On or about December 15, 2022, **WIMBERLY** accepted a $5,000 cash bribe payment at **WIMBERLY's** home.

15.   In advance of their February 2023 meeting, Person A sent **WIMBERLY** a message to "make sure [Person A's] proposal gets the proper attention . . . to win the bi[d]." Person A and **WIMBERLY** then met on or about February 23, 2023. At this meeting, **WIMBERLY** accepted a $5,000 cash bribe payment.

16.   **WIMBERLY** later sent Person A a coded message complaining the bribe payment was less than the agreed-to $10,000 amount: "[f]irst dinner date valet was 5$ each time . . . for the Uber ride home" but that increased to "10$ a month" until they got to the "destination." Person A acknowledged the error and arranged to make the additional portion of the February payment.

17.   On or about February 24, 2023, **WIMBERLY** accepted an additional $5,000 cash bribe—the second portion of the February bribe payment—at **WIMBERLY's** home.

18.   On or about March 17, 2023, **WIMBERLY** talked to Person A about the March bribe payment. Person A asked to delay that payment until April, but **WIMBERLY** insisted that it happen before then. Person A then agreed to make the payment in March. A few days later, **WIMBERLY** accepted Person A's $10,000 cash bribe payment.

19.   On or about April 4, 2023, **WIMBERLY** and Person A met again. When they were in **WIMBERLY's** car discussing Person A's proposal related to

Parcel 1, **WIMBERLY** opened the center console. In response, Person A put $10,000 in cash inside.

20.    From in or about September 2022, through in or about April 2023, in the Eastern District of Michigan, defendant **WIMBERLY** did knowingly and corruptly accept $50,000 in cash from Person A with the intent to be influenced and rewarded in connection with a business, transaction, or series of transactions of the City of Inkster, Michigan involving $5,000 or more, namely the sale and use of Parcel 1.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## FORFEITURE ALLEGATION

1.    The allegations contained in Count One of this Indictment are realleged and incorporated for the purpose of alleging forfeitures under Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.    Upon conviction of the offense in violation of Title 18, United States Code, Section 666(a)(1)(B) set forth in Count One of this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. As part of the forfeiture in this case, the United States intends to seek a

forfeiture money judgment for the total amount of proceeds.

      3.    If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeit substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

THIS IS A TRUE BILL.

*s/ Grand Jury Foreperson*
GRAND JURY FOREPERSON

DAWN N. ISON
United States Attorney

*s/ Daniel R. Hurley*
DANIEL R. HURLEY
Acting Chief, Public Corruption and
Civil Rights Unit

*s/ Steven P. Cares*
STEVEN P. CARES
Assistant United States Attorney

*s/ Eaton P. Brown*
EATON P. BROWN
Assistant United States Attorney

Dated:  October 3, 2023

**Case: 2:23-cr-20562**
**Assigned To : Parker, Linda V.**
**Referral Judge: Altman, Kimberly G.**
**Assign. Date : 10/3/2023**
**Description: INDI USA V. WIMBERLY (DJ)**

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover** |
|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: *SPC* |

Case Title: USA v.  Patrick Wimberly

County where offense occurred :  Wayne County

Check One:     ☒ Felony         ☐ Misdemeanor              ☐ Petty

    ✓ Indictment/_____Information --- **no prior complaint.**
    _____Indictment/_____Information --- based upon prior complaint [Case number:                    ]
    _____Indictment/_____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

Superseding to Case No: _____     Judge: _____

    ☐ Corrects errors; no additional charges or defendants.
    ☐ Involves, for plea purposes, different charges or adds counts.
    ☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

October 3, 2023
Date

*Steven P. Cares*

Steven P. Cares
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:(313) 226-9139

E-Mail address: steven.cares@usdoj.gov
Attorney Bar #:  P68503

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.