UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                           CASE NO. 23-20562

v.                                     HON. LINDA V. PARKER

D-1 PATRICK WIMBERLY,

      Defendant.

_____/

## **STIPULATION REGARDING DISCOVERY MATERIALS**

The government has in its possession materials gathered during the investigation of the defendant in this case. These materials include, among other things, audio recordings and law enforcement reports about those recordings (collectively, the "discovery materials").

The government will provide all discovery materials to defense through its secure file-sharing platform (*USAfx*), electronically on encrypted media (e.g., a CD or DVD), or through email.

The discovery materials are sensitive for several reasons, including because they contain information and/or recordings of and/or by cooperating individual(s). Accordingly, the disclosure of these materials could impact the safety of the

1

cooperating individual(s) and could compromise other investigations. Accordingly, the parties hereby agree to the following restrictions on the use and disclosure of the discovery materials:

    a)    Undersigned defense counsel will keep custody of the discovery materials and will not make any copies unless otherwise expressly permitted in this stipulated protective order.

    b)    Undersigned defense counsel will only allow the following individuals to obtain a copy of the discovery materials: (1) individuals who are employed by and/or work with defense counsel for purposes of preparing the defense in this matter, e.g., paralegals or investigators and (2) the Defendant. Neither the defendant nor any of these other designated individuals will allow for further dissemination. Counsel for the defendant, prior to providing the discovery materials, will inform persons of the disclosure limitations of this stipulation and order.

    c)    For any discovery material that contains information about or from a cooperating individual, the government will designate such material(s) by designating that these materials are "To be Retained by Defense Counsel." Defense counsel will allow <u>viewing and/or listening</u> of these discovery materials by (1) individuals who are employed by and/or

work with defense counsel for purposes of preparing the defense in this matter, e.g., paralegals or investigators and (2) the Defendant. Defense counsel will not allow these individuals to obtain or keep a paper or electronic copy of this sub-set of the discovery materials except as otherwise stated in this stipulation. Any notes created by either category of individuals (1) and (2) listed immediately above must be maintained by defense counsel (e.g., such individuals may not retain any notes they create during their review of the contents of the "To be Retained by Defense Counsel" material). Defense counsel shall not allow disclosure (including viewing and/or listening) to any other person except as specially authorized in this stipulated order.

    d)    If a discovery coordinator is appointed or engaged to assist in this case, the discovery coordinator (and any person assisting or supporting the discovery coordinator) shall be considered as working with defense counsel and all provisions and disclosure limitations herein apply.

    e)    Should the parties wish to attach any discovery materials to any pleading filed with the court, those discovery materials shall be filed under seal unless there is an agreement of the parties or order of the court. Similarly, the identity of any cooperating individual will not be identified in

public pleadings or pretrial hearings without agreement by the parties or authorization of the court.

   f)  Undersigned defense counsel is permitted to use the discovery materials in court hearings in this matter as necessary to the defense and as otherwise permitted by the Federal Rules of Evidence and Criminal Procedure. To this end, undersigned defense counsel is permitted to make a "hard" or paper copy of the discovery materials if it is necessary in hearings in this matter (e.g., in cross examination) so long as those copies are destroyed at the conclusion of this matter and/or returned to the government. The defendants' need for the discovery materials outweighs the Privacy Act interests involved, pursuant to 5 U.S.C. § 552a. To the extent that the disclosure of the discovery materials pursuant to this stipulation and order may result in the disclosure of information protected from non-consensual distribution by the Privacy Act, the parties are authorized to disclose such information and shall not be found to have violated the Privacy Act by such disclosures.

So stipulated:

| | |
|---|---|
| s/Steven Cares | s/Nancy McGunn (w/ consent) |
| Steven Cares | Nancy McGunn |
| Eaton Brown | Natasha Webster |
| Assistant U.S. Attorneys | Attorneys for Patrick Wimberly |
| 211 W. Fort Street, Ste. 2001 | 613 Abbott Street, Suite 500 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9139 | (313) 967-5846 |
| Steven.Cares@usdoj.gov | Nancy_McGunn@fd.org |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                      CASE NO. 23-20562

v.                                      HON. LINDA V. PARKER

D-1 PATRICK WIMBERLY,

      Defendant.
_____/

## **PROTECTIVE ORDER BASED ON PARTIES' STIPULATION**

Upon this Court's consideration of the parties' stipulation and for the reasons stated by the parties,

IT IS ORDERED that the pretrial disclosure of the materials identified by the parties' in their stipulation are controlled by the provisions of that agreement, and the government is authorized to disclose the materials as requested.

**SO ORDERED.**

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: October 24, 2023